**Jeanine COODY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–00146–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1992.

Discretionary Review Refused
Jan. 20, 1993.

Michael B. Charlton, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION ON REMAND

JUNELL, Judge.

Appellant entered a plea of not guilty before a jury to the offense of injury to a child. TEX.PENAL CODE ANN. § 22.04(a)(4). She was convicted and the jury assessed punishment at imprisonment for five years. On original submission, this Court reversed, holding that appellant was denied the right to confrontation with respect to one of the State's witnesses and that the jury was not properly instructed on the range of punishment. *Coody v. State*, 812 S.W.2d 631 (Tex.App.—Houston [14th Dist.] 1991). The State filed petition for discretionary review and the Court of Criminal Appeals summarily reversed and remanded to this Court to determine whether appellant was harmed by error which denied her the right to confrontation. *Coody v. State*, 818 S.W.2d 68 (Tex.Crim.App. 1991) (citing *Deleware v. Van Arsdall* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). We now conclude that such error was harmless beyond a reasonable doubt.

As we noted in our earlier opinion, appellant planned and organized a premeditated assault upon her daughter's thirteen year-old classmate on Halloween evening in 1989. Appellant was tried with two friends who were also convicted but received probated sentences for their participation in the offense. Appellant had attempted to recruit one, Mary Hulett, to commit the assault. As we observed,

> Hulett testified as a State's witness and gave critical evidence as to the actual circumstances surrounding the assault, appellant's motives, the fabrication of alibis, appellant's culpable mental state and lack of remorse for her alleged acts. Hulett testified that she had met with appellant and her two codefendants on the day following the incident and that the group discussed every aspect and detail of the offense. Hulett's testimony affirmatively linked appellant to the other defendants and to the offense, corroborated the codefendants' testimony and etsblished the elements necessary for proof of the crime. *Coody,* 812 S.W.2d at 632.

Just before completion of the State's direct examination, Ms. Hulett testified that she was completing a seven-year felony probation for failing to stop and render aid. She emphasized, however, that she did not receive any guarantees or promises from the State in return for her testimony. On cross-examination, defense counsel questioned Ms. Hulett about whether she had abided by the conditions of her probation

and the State objected. A hearing was held outside the presence of the jury, at which time Ms. Hulett acknowledged that she had been arrested in April 1989, for the misdemeanor offense of "obtaining drugs by telephone." She stated that she was out on bond but that the case had been set for dismissal. She also stated that she was jailed for two hours following her arrest as a result of the State's pending motion to revoke her probation, which was later dismissed. As the hearing continued, it was further revealed that the misdemeanor drug charge had been dismissed and refiled as a felony in the court which had continuing jurisdiction over Ms. Hulett's probation. The State did not, however, file a motion to revoke probation. The trial court sustained the State's objection to the defense's effort to impeach Ms. Hulett by showing that the State did not seek to revoke her probation despite the pending felony charge.

In applying the harmless error rule, our focus is not on the propriety of the outcome of the trial, but on the integrity of the process leading to the conviction. *Harris v. State*, 790 S.W.2d 568, 584–87 (Tex.Crim.App.1989) (noting application of overwhelming evidence standard in harmless error analysis in *Van Arsdall*); Tex. R.App.P. 81(b)(2). Consequently, we must examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State and its collateral implications. 790 S.W.2d at 587. In addition, we must consider how much weight a juror would probably place upon the error and whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* If the error is of a magnitude that it disrupted the jury's orderly evaluation of the evidence, no matter how overwhelming such evidence might have been, then the conviction is tainted. 790 S.W.2d at 588.

The source of the error in the instant case is that appellant was prevented from informing the jury that the State had not instituted proceedings to revoke Ms. Hulett's probation, despite the pending felony charge against her. The nature of

that error is that appellant was denied the opportunity to show the jury that Ms. Hulett might have had a motive to fabricate her testimony because of an alleged promise of leniency in an unrelated criminal matter. After the trial court sustained the State's objection, neither side again mentioned Ms. Hulett's legal predicament. We cannot say that exclusion of the pending felony charge in any way disrupted the jury's orderly evaluation of the evidence. Indeed, the court's ruling was inconsequential since the substance of Ms. Hulett's testimony was cumulative of other testimony at trial and it was never established that Ms. Hulett made any deal with law enforcement authorities. Throughout the hearing outside the jury's presence, Ms. Hulett repeatedly underscored in response to questions from both counsel and the court that she had not been offered anything in return for her testimony. That the State did not seek to revoke Ms. Hulett's probation on the basis of the pending felony charge does not demonstrate that she made a deal with authorities in return for her testimony. In fact, Ms. Hulett stated that she did not know that she would be subpoenaed to testify until six days before appellant's trial and that her attorney was unaware of her appearance as a witness at appellant's trial. She also stated that the only time she talked to the District Attorney's Office was on the day of her testimony, when she spoke with the prosecutor in this case.

There is nothing in the record that explains why the State did not move to revoke Ms. Hulett's probation. In the absence of such evidence, we cannot say that Ms. Hulett was biased in favor of the State or that her credibility was any more suspect than that of other witnesses. We further observe that the pending felony charge was not a final conviction within the meaning of Tex.R.Crim.Evid. 609. Hence, we conclude that error in denying appellant the opportunity to question Ms. Hulett about the pending felony charge was harmless beyond a reasonable doubt. Tex. R.App.P. 81(b)(2). Accordingly, we overrule appellant's point of error and affirm the judgment of conviction. Having previously determined that the jury was not

properly instructed on the range of punishment, we reverse and remand for a hearing on punishment only. *Coody*, 812 S.W.2d at 635; TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1992).