Jeanine COODY, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–146–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1991.

Rehearing Overruled July 25, 1991.

Michael B. Charlton, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted and sentenced by a jury to five years in prison and a fine of $10,000.00 for the offense of intentionally causing injury to a child. She brings three points of error, alleging the trial court erred: (1) in limiting defense counsel's cross-examination of the State's witness; (2) in submitting a punishment charge that omitted a punishment alterna-

tive available to those convicted of a third degree felony; and (3) in submitting instructions concerning the law of parole to the jury. We reverse and remand for new trial.

There was testimony during trial that appellant planned and organized the premeditated assault upon her daughter's thirteen-year-old classmate. The offense occurred on the evening of October 31, 1989, during the course of children's Halloween activities. Two friends of appellant were tried with her. The two friends were convicted and received probated sentences for their participation in the offense. There was also testimony at trial that appellant had attempted to enlist two additional persons to commit the assault, including Mary Hulett.

Hulett testified as a State's witness and gave critical evidence as to the actual circumstances surrounding the assault, appellant's motives, the fabrication of alibis, appellant's culpable mental state and lack of remorse for her alleged acts. Hulett testified that she had met with appellant and her two codefendants on the day following the incident and that the group discussed every aspect and detail of the offense. Hulett's testimony affirmatively linked appellant to the other defendants and to the offense, corroborated the codefendants' testimony and established the elements necessary for proof of the crime.

At completion of the State's direct examination, Hulett testified that she was serving a probated seven year felony sentence but had accepted no promises or favors from the State. Defense counsel began impeachment of Hulett during their cross-examination. The State objected and a hearing was held outside the presence of the jury. During the hearing Hulett admitted that she had been arrested in April 1989 on a misdemeanor charge of "obtaining drugs by telephone", that she had made bond in that case but that the case had been set for dismissal. She further stated that following her arrest she was briefly jailed and the State had filed a motion to revoke her probation, but that the motion was later dismissed.

During further examination of Hulett by the State, the prosecutor admitted that the misdemeanor drug charge had been dismissed but stated that it was refiled as a felony in the same court which had continuing jurisdiction over Hulett's probation. However, the State had not filed a motion in that court to revoke probation despite the pending felony charge. Hulett reiterated that "no one's offered me anything".

Defense counsel argued their right to impeach the witness to show bias and the motive for her testimony. The State answered that the pending felony charge was not an impeachable offense because a conviction had not been obtained. The trial court ruled in favor of the State.

The Confrontation Clause of the U.S.CONST. Amendment 6 guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him". *Delaware v. Van Arsdall,* 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). That right extends to criminal defendants in state proceedings. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The right of confrontation is more than a guaranty of the mere physical presence of a witness and includes within it the right of cross-examination, which cannot be had except by the direct and personal presentation of questions and the immediate obtaining of their answers. *Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).

■ In *Davis,* the Supreme Court recognized a criminal defendant's right to cross-examine and impeach a witness upon prior convictions. *Id.* Moreover, the Court underscored additional bases for impeachment in holding that:

A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." 3A J. Wigmore, Evidence section 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.

415 U.S. 308 at 315, 94 S.Ct. 1105 at 1110 (citation omitted). That right is available to Texas defendants. TEX.R.CRIM.EVID. 612(b). Great latitude must be allowed the accused to demonstrate any fact which might tend to establish ill feeling, bias, motive and animus upon the part of any witness testifying against him. *Evans v. State,* 519 S.W.2d 868, 871 (Tex.Crim.App. 1975).

■ In *Evans,* the Texas Court of Criminal Appeals clearly established the rationale underlying admission of impeachment evidence by its adoption of *Davis:*

We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [witness's] testimony which provided a crucial link in the proof ... of petitioner's act. (Citation omitted) The accuracy and truthfulness of [witness's] testimony was a key element in the State's case against petitioner. *The claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of [witness's] vulnerable status as a probationer.* (Citation omitted)

519 S.W.2d 868 at 872, citing *Davis,* 415 U.S. 308 at 317–18, 94 S.Ct. 1105 at 1111 (emphasis added); *See Randle v. State,* 565 S.W.2d 927, 929–31 (Tex.Crim.App.1978). The appellant in the case now before this court was denied the right to show "undue pressure because of the witness's vulnerable status as a probationer". As such, the jury was never fully and fairly apprised of the accuracy and truthfulness of the testi-

mony they heard from the State's witness. We hold that the rule expressed above controls the disposition of appellant's first point of error.

It is unimportant that a wrongful act providing grounds for impeachment is collateral to the charged offense when the reason for impeachment is to show a jury that the State's key witness may have been enjoying a promise of leniency or immunity from pending charges and, therefore, that a motive for fabrication of testimony exists. *Simmons v. State,* 548 S.W.2d 386, 387–88 (Tex.Crim.App.1977). We conclude that such erroneous denial of the defendant's right to meaningful confrontation and cross-examination equated to "constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it". *Spain v. State,* 585 S.W.2d 705, 710 (Tex.Crim.App.1979) (and cases cited therein). Appellant's first point of error is sustained.

■ This court's detection of fundamental error in its review of appellant's first point of error would ordinarily result in disposition of the case without further consideration. However, we are troubled by the implications of appellant's second point of error and so we review it as well. The record reveals that the punishment charge presented to the jury in this third degree felony instructed them to consider only the options of confinement in the institutional division of the Texas Department of Criminal Justice for a term of not less than two years and not more than ten years, a fine not to exceed $10,000.00, or grant of probation.

The statute in effect at the time of the alleged offense and trial follows:

**Third–Degree Felony Punishment**

(a) An individual adjudged guilty of a felony of the third degree shall be punished by:

(1) confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years; or

(2) *confinement in a community correctional facility for any term of not more than 1 year.*

(b) In addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $10,000.

TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1989)[1] (emphasis added). The jury was not informed that they could assess a sentence considerably less severe than the minimum range of the sentence imposed, nor were they made aware that such an option existed.

In a case where a jury imposed punishment they were authorized to assess under the controlling statute, but might not have assessed had the proper range of punishment been contained in the instruction, error resulted. *Sanchez v. State,* 666 S.W.2d 659 (Tex.App.—Austin 1984, no pet.). The trial court's omission of the sentencing alternative and resulting misdirection to the jury may have led them to believe that the law prescribed a greater punishment for the charged offense than that intended by the legislature, with resulting injury to appellant. *Cf. Uribe v. State,* 688 S.W.2d 534, 538 (Tex.Crim.App.1985).

A defendant is entitled to a correct instruction on the range of punishment. We cannot assume appellant was not harmed if the jury was instructed to assess more than the minimum term available under the law, and they assessed more than the minimum but a term within the correct range. *Cf. Gonzales v. State,* 672 S.W.2d 618, 620 (Tex.App.—Amarillo 1984, no pet.). Although punishment assessed fell within the lawful range *instructed,* it is not for this court to determine upon review that the jury *might* have assessed the same punishment had they been *correctly instructed* that the law holds the offense charged to deserve a range of punishment alternatives including the option for a *less severe minimum sentence. Uribe,* 688 S.W.2d at 538. Therefore we must conclude that appellant suffered an egregious harm, for she was

---

**1.** Acts 1973, 63rd Leg., p. 1125, ch. 426, sec. 1, eff. Jan. 1, 1974, amended by Acts 1989, 71st Leg., ch. 785, sec. 4.01, eff. Sept. 1, 1989.

denied the opportunity to receive a sentence less harsh than the minimum the jury was instructed to impose. *Id.*

Because we note this error from our review of the record, we must next determine if such error was calculated to injure the rights of the defendant or if the defendant was denied a fair and impartial trial as a result. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981); *Arline v. State,* 721 S.W.2d 348, 351–52 (Tex.Crim.App.1986); *Almanza v. State,* 686 S.W.2d 157, 171–74 (Tex.Crim.App.1984).

Although we have determined that the trial court's failure to include all sentencing alternatives in the jury punishment charge constituted error, this court must also determine that such error resulted in denial of a fair and impartial trial because appellant failed to preserve the error now complained of by proper objection at trial. TEX.CODE CRIM.PROC.ANN. art. 36.14; *Arline,* 721 S.W.2d at 351–52; *Almanza,* 686 S.W.2d at 171–74. Measure of such an egregious result can only be accomplished by scrutiny of the harm alleged "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole". *Id.* at 171.

We concluded in our discussion of the first point of error that critical testimony of the State's witness was subject to such a degree of bias and motive for fabrication that denial of the defense's right to impeachment resulted in fundamental error. We also reached the conclusion above that the trial court's failure to include a less severe penalty alternative in the punishment charge, as required by law for the jury's consideration, resulted in egregious harm to appellant. Either defect was sufficient to reach the result contemplated by the Texas Court of Criminal Appeals in *Almanza,* 686 S.W.2d at 174. Accordingly, appellant's second point of error is also sustained.

Appellant abandoned her third point of error at oral argument. Counsel admitted the contention is rendered moot by our holding in *Oakley v. State,* 807 S.W.2d 378 (Tex.App.—Houston [14th Dist.] 1991, pet. granted). Therefore we do not address it in our review.

The judgment of the trial court is reversed and the cause remanded for new trial.