Clarence SIMMS, a/k/a A.C. Simms, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00227–CR.

Court of Appeals of Texas, Texarkana.

Submitted June 14, 1995.

Decided Aug. 8, 1995.

Garland Cardwell, Munson, Munson, Pierce & Cardwell, Sherman, TX, for appellant.

James Moss, Dist. and County Atty., Bonham, TX, Karla R. Baugh, Asst. Dist. & County Atty., Fannin County, Paris, TX, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Clarence Simms appeals from a conviction for aggravated assault. The jury assessed punishment at confinement for eight years.

Simms alleges that the court erred by refusing to include in the punishment phase charge the full range of punishment for a third degree felony as reflected in the Penal Code in effect at the time of the offense; that his motion to quash the indictment should have been granted by the court; that a fatal variance existed between the indictment and the proof presented at trial; and that the

court egregiously failed to limit the definitions of culpable mental states to the result of this crime rather than to the conduct.

On May 14, 1993, Clarence Simms, while standing in his own driveway, shot his neighbor, R.T. Sweet, in the buttocks with a rifle as Sweet was standing in his own driveway. Sweet died of the wound inflicted by Simms. Immediately prior to the shooting, the two had been involved in an incident while driving their respective vehicles on the highway leading to their residences. Moreover, Sweet and Simms had been feuding for almost thirty years.

Simms was indicted and tried for murder, but the jury found him guilty of the lesser included offense of aggravated assault and assessed punishment at confinement for eight years. The jury also found that Simms has used or exhibited a deadly weapon during the commission of the offense.

In his first point of error, Simms contends that the trial court erred in the punishment phase by refusing his request to include in the jury charge the alternative punishment of confinement in a community correctional facility for a term of not more than one year as provided by the Penal Code in effect at the time of the offense for the third degree felony of aggravated assault. Actually, the record shows that no such request was made until it was included in Simms' motion for new trial.

Section 12.34 of the Penal Code in effect at the time of the offense [1] provided that a third degree felony was punishable by: (1) confinement for a term of not more than ten years or less than two years, or (2) confinement in a community correctional facility for any term of not more than one year,[2] plus (3) an optional fine not to exceed $10,000.

The trial court instructed the jury that if it found Simms guilty of aggravated assault, it could impose a sentence of confinement for a term of not more than ten years nor less than two years, plus an optional fine not to exceed $10,000. The court omitted any reference to the alternative of requiring Simms to serve a term of confinement of not more than a year in a community correctional facility.

■ Because Simms did not object at trial when the court failed to include the community correctional facility alternative in its charge to the jury, he must demonstrate on appeal that he suffered egregious harm by the omission. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985). He cites the case of *Coody v. State,* 812 S.W.2d 631 (Tex.App.–Houston [14th Dist.] 1991), *rev'd on other grounds,* 818 S.W.2d 68 (Tex.Crim.App.1991). The court in that case held in relevant part that a defendant suffers egregious harm when the community-correctional-facility option is not included in the jury charge concerning the range of punishment for a third degree felony, because the defendant is thus denied the opportunity to receive a sentence less harsh than the minimum the jury was instructed it could impose. The court reversed the judgment and remanded the cause to the court of appeals for a harm analysis under *Almanza.*

■ The State contends that *Coody* is not controlling because in the instant case there was a finding that Simms used a deadly weapon in the commission of the offense. There was no such finding in *Coody.* The State relies on Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1995), 37 Tex.Admin.Code § 163.55(c)(1)(B) (West 1993), and *Scott v. State,* 867 S.W.2d 148 (Tex.App.–Austin 1993, no pet.), to support its contention. That reliance is misplaced.

Article 42.12 of the Code of Criminal Procedure relates to the imposition of community supervision (probation) against a defendant in a criminal case. Tex.Code Crim. Proc.Ann. art. 42.12 (Vernon Supp.1995). Section 3g(a)(2) of that Article provides that community supervision is not an option when a defendant was found to have used a deadly weapon during the commission of the offense for which he was convicted. Community supervision was not imposed in the instant

---

**1.** Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, § 7, 1990 Tex.Gen.Laws 110.

**2.** This section was later deleted by the Legislature as one of the punishment options for a third degree felony. Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3603.

case. This Article has no bearing on whether confinement in a community correctional facility is an option under the Penal Code because this alternative is not offered as a part of probation.

■■■ The State contends that the Texas Department of Criminal Justice has passed a regulation prohibiting confinement in a community correctional facility where there has been a finding that a deadly weapon was used by the defendant in the commission of the offense. It is fundamental that the rules and regulations enacted by an administrative body may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory provisions. *Kelly v. Industrial Accident Board*, 358 S.W.2d 874, 876 (Tex.Civ.App.–Austin 1962, writ ref'd). Such a regulation collides head-on with the provision of the Penal Code enacted by the Legislature allowing this possible penalty for a third degree felony. Thus, the right of the defendant to have the jury consider this option cannot be excluded by an agency regulation in light of its authorization under the Penal Code. In *Scott v. State*, 867 S.W.2d at 153, the Austin Court of Appeals held that an offender is not eligible for placement in a community correctional facility unless a deadly weapon was not used during the commission of the offense, citing the agency regulation and the probation statute. The court in *Scott* failed to recognize that Section 42.12 of the Code of Criminal Procedure on which it relied is applicable only to sentencing options in situations in which probation has been granted.

In a later case cited by Simms, the Court of Criminal Appeals held that the trial court's failure to include the community-correctional-facility option in the court's charge on punishment was error and remanded the case to the court of appeals for a harm analysis. *Tubert v. State*, 875 S.W.2d 323 (Tex.Crim.App.1994). This case is directly in point with the present case. In *Tubert*, the court holds that Article 42.12, § 19(b)(2) [3] was in no way implicated in the range of

punishment for a person charged with a third degree felony under Section 12.34 of the Penal Code because community correctional facility is defined in Article 42.13, § 1(b)(2) of the Code of Criminal Procedure and does not restrict use of those facilities to probationers only. The court went on to say that "the language of the statutes is plain and unambiguous, and we are required to give effect to that plain meaning." *Tubert*, 875 S.W.2d at 324. The court held that since Article 42.13 does not limit use of community correctional facilities to probationers only, and because Article 42.12, § 19(b)(2), as it existed at the time of the offense, was not applicable to the appellant, the trial court erred in relying on that Article by denying the appellant the requested jury charge at punishment regarding all sentencing options under Section 12.34 of the Texas Penal Code.

■ We conclude that *Tubert* is dispositive of this issue in this case. Simms was convicted of a third degree felony. Probation was not involved. At the time of the offense, Article 12.34(a)(2) of the Penal Code provided the option of serving the sentence for a third degree felony in a community correctional facility. We find that the trial court erred in failing to include the option of confinement in a community correctional facility for one year.

Having determined the trial court erred in failing to include the community-correctional-facility alternative in the charge on punishment, we must now determine if that error was so egregious and created such harm that Simms did not have a fair and impartial trial. *See Tubert*, 875 S.W.2d 323; *Almanza*, 686 S.W.2d 157.

The Amarillo Court of Appeals in *Gonzales v. State* determined in a similar situation that such an erroneous instruction, coupled with an erroneous instruction of the maximum punishment greater than the law allowed, could not be said to be harmless. 672 S.W.2d 618 (Tex.App.–Amarillo 1984, no

---

**3.** At the time of the offense by Tubert, Article 42.12, § 19(b)(2) of the Code of Criminal Procedure provided that a judge placing a defendant on probation could require, as a condition of probation, that the defendant serve from one to twenty-four months confinement in a community correctional facility if the court found that the defendant did not cause serious bodily injury or death or use a deadly weapon in the commission of the offense.

pet.). In *Torres v. State,* the Court of Criminal Appeals held that a defendant was entitled to resentencing, even though his punishment was within the penalty range, because the jury had made an effort to sentence the defendant on the lower end of the range, and the misdirection harmed the defendant because the jury was instructed to consider his offense as more serious than the law grades it. 698 S.W.2d 677 (Tex.Crim.App.1985); *see also Coody,* 812 S.W.2d 631.

On the other side of this argument, however, is the case of *Tamez v. State,* in which the Court of Appeals held that a defendant did not suffer egregious harm when the trial court failed to instruct the jury about the community-correctional-facility-punishment option, because it was highly unlikely that the jury's consideration of punishment would have been affected by the inclusion of a lesser punishment option. 865 S.W.2d 518 (Tex.App.–Corpus Christi 1993, pet. ref'd). This was because the jury's verdict of four years' imprisonment without probation showed that the jury was not considering a minimum punishment range. In the case of *Williams v. State,* the Texas Court of Criminal Appeals held, in an *Almanza* analysis, that the defendant did not suffer egregious harm, even though the jury was not instructed on a lesser punishment option. 851 S.W.2d 282 (Tex.Crim.App.1993). The court in *Williams* announced that it would not create a per se rule that a defendant suffers egregious harm when the trial court fails to instruct the jury on a lesser included offense and the jury assesses sentence beyond the punishment range for the lesser included offense. Rather, the court said that whether there was egregious harm must be decided on a case-by-case basis.

■ In the present case, Simms killed the victim with a deadly weapon. We find it highly unlikely that the jury's consideration of punishment would have been affected by the inclusion of the community-correctional-facility-punishment option, the maximum punishment under that option being one year's confinement. By its verdict, the jury showed that it was not considering the minimum punishment range, but rather leaned toward the maximum, which was ten years

for aggravated assault, the jury having given a verdict of eight years. Thus, we do not find that Simms has shown actual egregious harm.

Considering the evidence, the contested issues at trial, and the jury's actual punishment verdict, we conclude that Simms did not suffer egregious harm from the charging error. This point of error is overruled.

Next, Simms argues in two points of error that his motion to quash the indictment should have been granted and that a fatal variance existed between the indictment and the proof presented at trial.

The motion to quash urged that the indictment failed to specify adequately the type of weapon alleged to have been used by Simms. The indictment avers that Simms intentionally caused the death of R.T. Sweet by shooting him to death with a gun. Simms contends that, because the Penal Code does not define the term "gun," he was not given adequate notice of the charge against him so that he could prepare his defense, in violation of Article 1, Section 10, of the Texas Constitution and Article 21.11 of the Texas Code of Criminal Procedure. He further argues that the evidence adduced at trial showed that Sweet had been shot with a "rifle" and that this was a fatal variance from the indictment's use of the term "gun." We disagree.

■ Simms has cited no authority holding that proof of use of a "rifle" to commit an offense is a fatal variance if the indictment averred that the offense was committed with a "gun," and we are aware of none. In *Dickson v. State,* 134 Tex.Crim. 22, 113 S.W.2d 528, 529 (1938), the court held that where a defendant was shown to have killed the decedent with a "shotgun," the indictment was sufficient when it alleged that the killing was done by shooting the decedent with a "gun." *See also Livingston v. State,* 739 S.W.2d 311, 321 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988) (indictment alleged use of a gun; held to be sufficient without further proof of what type of gun had been used); *Nelson v. State,* 573 S.W.2d 9, 10 (Tex.Crim.App. [Panel Op.] 1978) (a rifle is a gun). We conclude that proof that a person

was killed with a rifle is not a fatal variance from an indictment which alleges that the person was killed with a gun.

Points of error two and three are overruled.

In his final point of error, Simms argues that the trial court caused him to suffer egregious harm when it failed to limit the jury charge definition of "culpable mental states" to the result of this crime rather than the conduct. Simms complains only of the definitional portion of the jury instructions related to the offense of murder. No complaint is made to that part of the instructions related to the lesser included offense of aggravated assault.

 Intentional murder is a "result of conduct" offense. *Cook v. State,* 884 S.W.2d 485, 490 (Tex.Crim.App.1994). The offense of murder requires that the culpable mental state accompany the *result* of the conduct, rather than its *nature. Wallace v. State,* 763 S.W.2d 628 (Tex.App.–San Antonio 1989, no pet.). In a murder case, a charge which defines "intentionally" or "knowingly" as those terms relate to the nature of the conduct as well as the result of the conduct is error. *Cook,* 884 S.W.2d at 490.

In this case, the jury charge provided the following in relevant part:

1.

Our law provides that a person commits murder if he knowingly or intentionally causes the death of an individual.

2.

A person acts "knowingly" or with "knowledge", *with respect to the nature of his conduct* when, he is aware of the nature of his conduct.

A person acts "intentionally" or with "intent" with respect to the result of his conduct, when it is his conscious objective or desire to cause the result.

A person acts "recklessly" or is "reckless" with respect to circumstances surrounding his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk the circumstances

exist or the result will occur. The risk must be of such a nature and a degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the standpoint of defendant.

. . . . .

3.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of May, 1993, in Fannin County, Texas, the defendant, CLARENCE SIMMS AKA A.C. SIMMS, intentionally or knowingly caused the death of an individual, R.T. Sweet, by shooting him with a gun, you will find the defendant guilty of Murder as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you acquit the defendant of murder and next consider whether he is guilty of the lesser included offense of aggravated assault.

4.

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another person. Such an assault is aggravated if the person committing the assault uses a deadly weapon or causes serious bodily injury.

5.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of May, 1993, in Fannin County, Texas, the defendant, CLARENCE SIMMS AKA A.C. SIMMS, intentionally, knowingly, or recklessly caused bodily injury to R.T. Sweet (1) either by shooting him with a gun and that the gun was a deadly weapon or (2) the injuries inflicted, if any, were serious bodily injuries as is defined herein, but you further find and believe from the evidence, or you have a reasonable doubt thereof, that the defendant did not intend to kill R.T. Sweet, then you will find the defendant guilty of aggravated assault.

(Emphasis added.) The court erred when it defined the terms *intentionally* and *knowingly* as they relate to the nature of the conduct as well as to the result of the conduct. *Alvarado v. State,* 704 S.W.2d 36, 37 (Tex.Crim.App.1985).

 Simms made no objection at trial to the definition of *intentionally* or *knowingly* or *recklessly* in the definitional portion of the murder instruction. He therefore must claim and show that he was egregiously harmed by the error in the instruction as to the offense of murder, i.e., he must show that he did not receive a fair and impartial trial as a result of the error. *Almanza v. State,* 686 S.W.2d at 171. We must examine the degree of harm in light of the jury charge as a whole, the state of the evidence and weight of probative evidence, the argument of counsel, and any other relevant information shown in the record. *Id.*

 Simms limits his contention of harm to the instruction regarding murder. As noted by the State, Simms was not convicted of that offense; rather, he was convicted of the lesser included offense of aggravated assault. Simms has made no claim of error with regard to the court's instruction on that lesser offense. The State argues that no harm can be found in an error in the definitional portion for the primary offense of murder when the jury found the defendant guilty only of the lesser included offense of aggravated assault. We agree. Simms admitted at trial that he intended to and did shoot Sweet with a rifle. Sweet bled to death from that wound. The jury was charged on self-defense, justifiable force, and apparent danger, and it elected to find Simms guilty of aggravated assault rather than of the primary offense of murder. We conclude that Simms has not shown that he did not receive a fair and impartial trial as a result of the error in the charge related to the offense of murder.

The judgment of the trial court is affirmed.