**Jonathon Noel EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–94–00387–CR.

Court of Appeals of Texas,
El Paso.

Jan. 16, 1997.

Martin Underwood, Comstock, for Appellant.

Ori T. White, District Attorney, Ft. Stockton, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

CHEW, Justice.

This is an appeal of a conviction for the offense of aggravated assault. In three points of error, Jonathon Noel Evans, challenges the trial court's failure to instruct the jury on the full range of punishment, and on the issue of defense of third persons. We affirm the conviction but reverse and remand for a new punishment hearing.

### I.

In the spring of 1993, a few months from their high school graduation, Evans and his friends, celebrated Friday nights, like other contemporaries, drinking beer and "dragging" the main street of Fort Stockton, Texas. But on the evening of April 30 and into the early hours of the following day, Evans' group became involved in a running series of confrontations with a rival group. These confrontations steadily escalated until they culminated in the shooting of Jacob Pacheco. Pacheco was shot three times and was seriously wounded by Evans. Evans admitted shooting Pacheco but claimed that he did so in self-defense of himself and a companion. He was charged and tried for attempted murder; the jury found him guilty of aggravated assault, a third degree felony. Evans was eligible for probation. During the punishment stage, two police officers testified for the State. Only one could testify that he knew Evans' reputation in the community as a peaceful and law-abiding to be "bad." Evans put on no testimony. The State argued vigorously for the maximum sentence of ten years' imprisonment and a $10,000 fine, arguing that probation was not punishment. Evans argued just as vigorously that probation would be more appropriate. The jury as-

sessed the maximum possible punishment—ten years' imprisonment and a $10,000 fine.

### II.

We consider together Evans' first two points of error in which he complains that the trial court erred in failing to instruct the jury on the full range of punishment and in failing to grant his motion for new trial on the same basis. He specifically complains about the omission in the charge of the alternative punishment provided for under former Section 12.34 of the Penal Code. That section, from August 31, 1989 until September 1, 1994 read:

(a) An individual adjudged guilty of a felony of the third degree shall be punished by:

(1) confinement in the institutional division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; or

*(2) confinement in a community correctional facility for any term of not more than 1 year.*

(b) In addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $10,000. [Emphasis added]. TEX.PENAL CODE ANN. § 12.34(a)(Vernon Supp.1993).

The jury charge in the punishment phase read:

You are instructed that the punishment for Aggravated Assault, a Felony of the Third Degree, is confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than ten (10) years or less than two (2) years, and the jury in its discretion may assess a fine not to exceed ten thousand dollars, ($10,000.00), in addition to confinement in the Texas Department of Criminal Justice.

Therefore you will assess the punishment, upon said finding of guilt, at confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than ten (10) years or less than two (2) years; and in addition,

if you choose to assess a fine in addition to such confinement, you will assess such fine in any amount not to exceed ten-thousand dollars ($10,000.00).

Clearly, the trial court erred in omitting Subsection (a)(2) of Section 12.34, but no objection to the error was made. The State argues that the charge error was waived by Evans' failure to object and, alternatively, that there is no showing of "egregious harm" resulting from the error. Evans, on the other hand, asserts that the omission is a fundamental error and that the error was harmful under any standard of harm analysis.

### III.

█ Because the charge is essential to a jury's deliberations, when a trial court improperly instructs the jury on the applicable law, the defendant's right to a jury trial is jeopardized. An erroneous or incomplete jury charge does not, however, result in an automatic reversal of a conviction. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Crim.App. 1994). Rather, when reviewing charge error, the appellate court must conduct a two-step review: the appellate court must first determine whether there was actual charge error, and if so, the court then takes the next step of determining whether sufficient harm resulted to require reversal. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984); *Abdnor,* 871 S.W.2d at 731–32.

█ The standard to determine if the harm is sufficient to require reversal depends upon whether the error was properly preserved. Where there was a proper objection to preserve the error on appeal, the court only looks for "some harm." Where there was not a proper objection and the error is urged for the first time on appeal, the appellate court looks for "egregious harm." *Almanza,* 686 S.W.2d at 171; *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App. 1986); *Abdnor,* 871 S.W.2d at 732. As the

error in this case is undisputed but unobjected to, reversal is warranted only if we find that the error caused "egregious harm." In other words, a reversal is required only if Evans was denied a fair and impartial trial. *Almanza,* 686 S.W.2d at 171.

Omission of the community corrections facility punishment option from the jury charge of the punishment phase has been considered by a other courts. It was first considered in *Coody v. State,* 812 S.W.2d 631 (Tex.App.— Houston [14th Dist.] ), rev'd on other grounds, 818 S.W.2d 68 (Tex.Crim.App.1991). There the appellant was convicted of intentional injury to a child, a third degree felony, and sentenced to five years' imprisonment and a $10,000 fine. Like this case, the *Coody* jury charge omitted the community corrections facility option and the appellant failed to object to the omission. The Fourteenth Court of Appeals concluded that even though the jury assessed a prison term of more than the minimum and within the proper range of punishment, the Court could not assume that the appellant was not harmed where the jury was effectively instructed to consider more than the minimum term authorized under the law. *Id.* at 635, citing *Uribe v. State,* 688 S.W.2d 534, 538 (Tex.Crim.App.1985)[1] The Court concluded that such an error resulted in "egregious harm."

The identical error was next considered by the Third Court of Appeals in *Scott v. State,* 867 S.W.2d 148 (Tex.App.—Austin 1993, no pet.). The appellant there was convicted of attempted voluntary manslaughter and sentenced to three years' imprisonment. The Court discussed the necessity of an Almanza egregious harm analysis because of the failure to object to the charge error and, *citing Coody,* remarked that "it would appear that the failure to submit a possible legal punishment in the jury instructions calls for reversal." However, the Court bypassed the issue by finding that TEX.ADMIN.CODE § 163.55(c)(1)(B)(1993) rendered the appellant ineligible for placement in a community

---

1. *Uribe v. State,* 688 S.W.2d 534 (Tex.Crim.App. 1985) found that where the punishment charge exceeded the statute, the defendants were deprived of a fair and impartial trial. The Court Criminal Appeals retreated from that nearly *per se* position in *Cartwright v. State,* 833 S.W.2d 134, 137 (Tex.Crim.App.1992), holding that though *Uribe* was correct, it was "too mechanical" and that every case must be reviewed individually when the *Almanza* harm analysis is required.

corrections facility, which precluded any error.[2] *Scott,* 867 S.W.2d at 153.

The Thirteenth Court of Appeals in *Tamez v. State,* 865 S.W.2d 518, 520 (Tex.App.— Corpus Christi 1993, pet. ref'd), has also considered the same charge error. There the appellant had been found guilty of attempted voluntary manslaughter and sentenced to four years' imprisonment and a $10,000 fine. The Court ultimately concluded the appellant had not shown egregious harm as it was unlikely that the jury would have considered a minimum punishment given their assessment of four years' imprisonment.

The Court of Criminal Appeals has also considered the same charge error in *Tubert v. State,* 875 S.W.2d 323 (Tex.Crim.App. 1994). The appellant there had been convicted of a third degree felony and the jury assessed ten years' imprisonment and a fine of $10,000. There was, however, a timely objection to the omission which was overruled on the ground that Article 42.12, § 19(b)(2), of the probation code prohibited the appellant's placement in such a facility. *Id.* at 324. The Court found that Article 42.12 was not applicable and that the trial court erred in omitting from the charge the community corrections facility provision. The Court then cited Coody with apparent approval and held that "[h]aving determined that the jury . . . was not properly instructed on the full range of punishment, we reverse . . . and remand . . . for a harm analysis." *Id.* at 325.

Most recently, the Sixth Court of Appeals considered the issue in *Simms v. State,* 905 S.W.2d 720 (Tex.App.—Texarkana 1995, no pet.). The appellant was convicted of aggravated assault and sentenced to eight years' imprisonment. There was no objection at trial to the omission of the option of confinement in a community corrections facility in the jury charge. The Court noted that because the error was not preserved at trial, it was reversible only if the error was so egregious that the appellant did not have a fair

and impartial trial. *Id.* at 723, citing *Tubert,* 875 S.W.2d 323; and *Almanza,* 686 S.W.2d at 171. Noting that *Coody* and *Tamez* reached opposite conclusions on the issue of egregious harm, the Texarkana Court opted to follow Tamez, "find[ing] it highly unlikely that the jury's consideration of punishment would have been affected by the inclusion of the community-correction-facility punishment option . . ." and that the appellant had not show actual egregious harm. *Simms,* 905 S.W.2d at 724.

Individually, we consider none of the foregoing cases provide sufficient or adequate authority to settle the specific issue before this Court. It does appear that *Coody,* though lacking a detailed harm analysis, appears to have at least the tacit approval of the Court of Criminal Appeals and the Third Court of Appeals. *Tubert,* 875 S.W.2d at 323, and *Scott,* 867 S.W.2d at 153.

On the other hand, *Tamez* and *Simms,* which discounted any egregious harm, seem ill supported by the authority upon which they are premised. In *Tamez,* for example, the Court relied upon the Court of Criminal Appeals decision in *Williams v. State,* 851 S.W.2d 282, 287 (Tex.Crim.App.1993) which concluded that the failure to include an instruction on the special issue of mitigation of punishment did not cause egregious harm. The *Tamez* Court analogized that though the failure to include an instruction on the special issue of mitigation of punishment was clearly different from then the omission of a punishment option, the resulting error is essentially the same. *Tamez,* 865 S.W.2d at 520. We have to question such a conclusion. Unlike the charge error here and in *Tamez,* the charge error in *Williams* involved a special issue mitigating punishment that was fact dependent and the Court of Criminal Appeals stated that it could not find egregious harm because the dependent fact-issue was never put into issue at trial. *Williams,* 851 S.W.2d at 288–89.

In *Simms,* the Court's evaluation of *Coody* concludes with the statement that Coody was

---

**2.** *Scott* relied upon agency rules which precluded placement of offenders whose conviction involved use of a deadly weapon or flight to escape in community correction facilities. That conclu-

sion was subsequently repudiated by the Texarkana Court in *Simms v. State,* 905 S.W.2d 720 (Tex.App.—Texarkana 1995, no pet.).

reversed by the Court of Criminal Appeals and remanded to the court of appeals for a harm analysis under *Almanza*. The clear inference being that the *Coody* finding of "egregious harm" was flawed. The Court of Criminal Appeals did reverse and remand *Coody* for a harm analysis but on the issue of appellant's right to confrontation. The Court of Criminal Appeals did not consider the lower court's finding that the omission of the community correctional facility punishment option was egregious harm, even though that issue was apparently before the Court on the State's petition for discretionary review. *Coody v. State*, 818 S.W.2d 68, 69 (Tex.Crim. App.1991). We also note that the harm analysis directed by the Court of Criminal Appeals in *Tubert* was not the *Almanza* egregious harm standard, as *Simms* implies, but was rather the some harm standard under Rule 81(b)(2) as the error had been properly preserved.

■ In sum, we find *Coody* provides the better precedent than either *Tamez* or *Simms;* however, it does not provide a talisman that the omission of the TEX.PENAL CODE ANN. § 12.34(a)(2) from the jury charge constitutes egregious harm. Instead, we must still search for egregious harm; we must determine that the error deprived this defendant of a fair and impartial trial. *Almanza*, 686 S.W.2d at 171. To make such a determination we must assay the degree of harm in light of the entire jury charge, the state of the evidence, the argument of counsel and the record as a whole. *Id.* Stated another way, was the case for conviction, or in this case, punishment actually made clearly and significantly more persuasive by the error. *Saunders v. State*, 817 S.W.2d 688, 690 (Tex.Crim.App.1991). The jury here was presented two options—probation or a period of between two to ten years' imprisonment. The argument of counsel clearly polarized the jury's consideration, the State vigorously asked for the maximum of ten years' imprisonment, while the Defendant pleaded for probation. The evidence presents a clear picture that the confrontation between the Defendant and the victim was the consequence of gang or gang-like activities. The jury was obviously more persuaded by the State to send a message and sentenced Evans to the maximum possible.

But the problem we have is that the jury was precluded from considering the full range of punishment options. The community corrections provision provides for a term of confinement in a variety of facilities as an alternative to simple imprisonment in penitentiary. Thus the jury was precluded from considering the option of confining Evans to a facility, which might be a boot camp or intermediate sanction facility or substance abuse facility, whose mission is to "provid[e] services and programs to modify criminal behavior, deter criminal activity, protect the public, and restore victims of crime." TEX. CODE CRIM.PROC.ANN. art. 42.13, § 1(b)(2)(Vernon Supp.1997). In the punishment stage, the role of the jury is really less than that of a fact finder and more a societal, instinctive function, and by like token, the range and types of punishments for crimes established by the legislature is that body's reflection of society's view on crime and punishment. In the case at hand, we must conclude that the jury's neutral role was actually and clearly modified when they were precluded from considering the punishment option of confinement in a community corrections facility. As a result, the error complained of here was so egregious as to deprive Evans of a fair and impartial trial. Accordingly, we sustain Point of Error One[3]

## IV.

In his third point of error, Evans asserts that the trial court erred in failing to charge the jury on defense of third persons. The actual shooting occurred when Evans, with a single companion, parked in a carwash stall, on the lookout for their rivals, at whom Evans had only a short time earlier been shot at. Seeing the rivals drive by behind them, Evans claimed he tried to drive out the front of the stall, but was blocked in by the rival's

---

**3.** In view of our disposition of Point of Error One, it is not necessary to consider Appellant's second point of error and we decline to do so.

car which had come around the carwash. Evans further claimed that as soon as the rival's car stopped, the occupants jumped out and he spotted two young men in the victim's group carrying weapons, namely a bottle and a tire tool. Evans testified that he feared for his own life and the life of his companion as he believed the victim possessed a gun at the time of the incident. He further claims that he fired his weapon because he was very scared for himself and his passenger because they were outnumbered. Evans requested jury instructions on both self-defense and defense of third persons and then timely filed an objection to the trial court's failure to charge on the issue of defense of third persons.

■ We need not address whether the court erred in failing to instruct the jury on defense of third persons because the error, if any, could not have resulted in any actual harm. *See Almanza,* 686 S.W.2d at 171. The trial court granted Appellant's requested instruction on self-defense. Appellant framed his defense in terms of defending both himself and Sharp jointly. The jury, however, found Appellant guilty of aggravated assault. By finding him guilty of aggravated assault, the jury implicitly rejected his self-defense theory. *Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App.1991); *Jenkins v. State,* 740 S.W.2d 435, 438 (Tex.Crim. App.1987). This negative finding by the jury on the question of self-defense precludes the possibility that Appellant was justified in using deadly force to defend Sharp, the third person. *See Curtis v. State,* 754 S.W.2d 460, 462 (Tex.App.—Dallas 1988, pet. ref'd). Therefore, because the jury considered and rejected Appellant's claim of self-defense, any error in failing to charge the jury on defense of a third person was harmless. Appellant's third point of error is overruled.

Having sustained Evans' first point of error and overruling the last point of error, we affirm the judgment of conviction but reverse and remand for a new punishment trial.