ANGIE MARIE JARAMILLO V. STATE OF TEXAS

NO. 07-00-0077-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 13, 2000

______________________________________

ANGIE MARIE JARAMILLO, 

Appellant

v.

STATE OF TEXAS, 

Appellee

______________________________________

FROM THE 72nd DISTRICT COURT OF LUBBOCK COUNTY;

NO. 94-418,412; HON. J. BLAIR CHERRY, JR., JUDGE

______________________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Angie Marie Jaramillo, appellant, appeals from a judgment under which she was convicted of reckless injury to a child.  Her sole point of error concerns the factual (as opposed to the legal) sufficiency of the evidence supporting the jury’s verdict of guilty.
(footnote: 1)  We affirm.

At time of trial, appellant was formally accused of intentionally and knowingly causing serious bodily injury to a child.  However, the offense for which she was convicted was the lesser included offense of recklessly causing serious bodily injury to a child.  W
hen the court decided to charge the jury on the lesser included offense, appellant did not object.  Rather, the court acted with the acquiescence of both the State and appellant.  That is, the State had originally charged appellant in the indictment and via separate counts with both the greater offense of intentionally causing serious injury to a child and the lesser included offense of recklessly causing serious injury to a child.  In response to a motion filed by appellant before trial, the State abandoned the lesser included offense.  However, both the State and appellant agreed, at the time, that the lesser offense would be included in the jury charge if same was warranted by the evidence.  And, when it came time to charge the jury, the court included the lesser offense in its instructions in accordance with the group’s consensus.  More importantly, appellant did not object to it.

By agreeing to incorporate the lesser included offense into the charge and in  withholding objection when the court actually included it, appellant estopped herself from contesting the factual sufficiency of the evidence supporting her conviction of the lesser offense.   
Otting v. State
, 8 S.W.3d 681, 686 (Tex. App.--Austin 1999, pet. ref’d)
; 
Reaves v. State
, 970 S.W.2d 111, 118 (Tex. App.--Dallas 1998, no pet.); 
see Tamez. v. State
, 865 S.W.2d 518, 519-20 (Tex. App.--Corpus Christi 1993, pet. ref’d) (applying the rule to issues involving legal sufficiency).   In effect, an appellant cannot induce the court to submit an instruction on a lesser included offense or enjoy the benefits of such an instruction by

failing to object to its submission and then attack, as legally or factually insufficient, a subsequent finding of guilt.  
Id.

Accordingly, we overrule appellant’s sole point and affirm the judgment.

Brian Quinn

    Justice

Do not publish.   
    

FOOTNOTES
1:
1
 
In simply contesting the factual sufficiency of the evidence, appellant presumptively 
acknowledges that the evidence was legally sufficient to support conviction for the lesser offense.  
See Otting v. State
, 8 S.W.3d 681, 686 (Tex. App.--Austin 1999, pet. ref’d) (stating that factual sufficiency review begins with the presumption that the evidence supporting the verdict was legally sufficient).