NO. 07-03-0179-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 15, 2004

_____

MICKLE A. NELSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-401,159; HON. JIM BOB DARNELL, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Mickle A. Nelson contests his conviction for possessing a controlled substance (cocaine). Through two issues, he contends that the evidence was both legally and factually insufficient to support the conviction. We affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

Appellant was indicted for the offense of possessing, with intent to deliver, a controlled substance. However, the trial court incorporated into its jury charge the lesser included offense of simple possession. *See Hanks v. State,* 104 S.W.3d 695, 699 -700 (Tex. App.–El Paso 2003, pet. granted in part) (stating that simple possession is a lesser-included offense of possession with intent to deliver). Neither party objected to the trial court's action. Thereafter, the jury found appellant guilty of the lesser offense.

By failing to object to the inclusion of the lesser-included offense in the jury charge, an appellant is estopped from complaining on appeal that the evidence is legally or factually insufficient to support the verdict. *Jaramillo v. State*, No. 07-00-0077-CR, 2000 Tex. App. LEXIS 7697 at 2-3 (Tex. App.–Amarillo November 13, 2000, pet. ref'd); *Otting v. State*, 8 S.W.3d 681, 686-87 (Tex. App.–Austin 1999, pet. ref'd); *Reaves v. State*, 970 S.W.2d 111, 118 (Tex. App.–Dallas 1998, no pet.); *Bisco v. State,* 964 S.W.2d 29, 30 (Tex. App.–Tyler 1997, pet. ref'd); *Taylor v. State,* 947 S.W.2d 698, 702 (Tex. App.–Fort Worth 1997, pet. ref'd); *see Tamez v. State*, 865 S.W.2d 518, 519-20 (Tex. App.–Corpus Christi 1993, pet. ref'd) (applying the rule to issues involving legal sufficiency). Here, appellant did not object to the inclusion of the lesser offense below. Thus, he cannot now question either the legal or factual sufficiency of the evidence underlying his conviction. *Id.*

Nevertheless, we reviewed the evidence of record and find it both legally and factually sufficient to illustrate that he knowingly possessed the cocaine found in the car. Though appellant was a passenger, the 13 cocaine rocks were found in a plastic gray case sticking out between the seat and the center armrest on the passenger side of the vehicle. Furthermore, appellant had on his person a crack cocaine pipe. So too were two

marijuana cigarette butts found in the car ashtray, and the arresting officer noted the smell of burned marijuana in the vehicle before making the arrests. The smell of marijuana, the presence of marijuana cigarette butts within appellant's reach, the presence of a large amount of crack cocaine next to appellant (as opposed to the driver of the car) and appellant's possession of a device used to ingest contraband of the ilk discovered are affirmative links upon which a jury could conclude beyond reasonable doubt that appellant knowingly possessed the cocaine. And, though other evidence illustrated that the driver may have possessed the contraband, it was not so weighty as to overwhelm that which also linked appellant to the drug.

Accordingly, we overrule both issues and affirm the judgment.


Brian Quinn
Justice


Do not publish.

3