OPINION


No. 04-07-00615-CR



Antonio Marcelo QUESADA,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court, Bandera County, Texas


Trial Court No. 06-00716


Honorable Richard A. Evans, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Marialyn Barnard, Justice


Delivered and Filed: March 18, 2009


REVERSED AND REMANDED

 Antonio Marcelo Quesada appeals his conviction and sentence for possession of marijuana,
arguing that the trial court erred in submitting the jury charge on punishment. We reverse and
remand for a new trial on punishment.

Background

 A jury found Quesada guilty of misdemeanor possession of marijuana, four ounces or less
but more than two ounces. Tex. Health & Safety Code Ann. § 481.121(a), (b)(2) (Vernon 2003).
Such an offense is a Class A misdemeanor punishable by: "(1) a fine not to exceed $4,000; (2)
confinement in jail for a term not to exceed one year; or (3) both such fine and confinement." Tex.
Penal Code Ann. § 12.21 (Vernon 2003). The punishment charge read, in pertinent part, as
follows: 

 A person convicted of this offense is punishable by: 


 (1) a Fine of not more than $4,000.00; and 


 (2) confinement in jail for a term of not less than 72 hours to one (1) year. . . .


The verdict form similarly required the jury to assess both a fine and a term of confinement. (1) The
jury recommended that punishment be assessed at a fine of $1,800 and a year of confinement in the
county jail, to be suspended and probated for 24 months. The trial court sentenced Quesada in
accordance with the jury's recommendation. On appeal, Quesada argues that the jury charge stated
an incorrect range of punishment that imposed a minimum sentence where none was required by
statute, and further required the jury to both fine and incarcerate Quesada, without the option of
assessing one or the other.

Discussion

 A Class A misdemeanor is punishable by either a fine or confinement, or both, yet the
punishment charge at issue unequivocally instructed the jury to assess both a fine and a term of
confinement. See Tex. Penal Code Ann. § 12.21. Accordingly, the trial court erred in submitting
a charge that instructed the jury to assess both a fine and a term of confinement when the Penal Code
clearly provides that the offense may be punishable by one or the other. See id. Further, the trial
court erred in instructing the jury that the term of confinement must be at least 72 hours. Because
Quesada did not object to the charge errors, we must determine whether the errors require reversal
under the traditional Almanza harm analysis, which requires Quesada to show that the error was so
egregious as to deprive him of a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984). Egregious harm is present whenever a reviewing court finds that the case
for conviction or punishment "was actually made clearly and significantly more persuasive by the
error." Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). We review the entire
charge, the evidence, argument of counsel, and any other relevant information revealed by the record
of the trial as a whole to determine the degree of harm. Alamanza, 686 S.W.2d at 171. 

 During closing argument on punishment, the State compounded the charge error by arguing
to the jury that "punishment is essentially a fine and jail time." The State recommended that the jury
assess Quesada a year of jail, probated for 24 months, and a $4,000 fine. The charge likewise
instructed the jury to assess both a fine and a term of confinement of at least 72 hours. The State
now argues that Quesada has not been harmed because the jury assessed a "reasonable" punishment
within the lawful range. We recognize that egregious error generally does not occur when, despite
an erroneous instruction on the punishment range, the jury imposes a punishment within the lawful
range. See, e.g., Cartwright v. State, 833 S.W.2d 134, 136-37 (Tex. Crim. App. 1992) (holding that
although the trial court erred in permitting the jury to assess a fine greater than that allowed by
statute, appellant did not suffer egregious harm because the jury assessed a fine within the range
actually permitted by law). The instant case, however, differs in one distinct regard in that the
punishment charge failed to give the jury two options required by statute--to assess only a fine, or
only confinement up to one year; thus, the jury was precluded from considering the full range of
punishment options available to Quesada. See Evans v. State, 945 S.W.2d 153, 157 (Tex. App.--El
Paso 1997, no pet.) (holding that trial court's failure to instruct the jury that it had the option of
confining the defendant in a community corrections facility constituted egregious harm, even though
the punishment assessed fell within the range permitted by statute). 

 Similarly, in Coody v. State, the Fourteenth Court of Appeals determined that the appellant
suffered egregious harm when the trial court failed to include a less severe penalty alternative in the
punishment charge. Coody v. State, 812 S.W.2d 631, 634-35 (Tex. App.--Houston [14th Dist.]
1991), rev'd on other grounds, 818 S.W.2d 68 (Tex. Crim. App. 1991). The court stated:

 We cannot assume appellant was not harmed if the jury was instructed to assess more
than the minimum term available under the law, and they assessed more than the
minimum but a term within the correct range. Although punishment assessed fell
within the lawful range instructed, it is not for this court to determine upon review
that the jury might have assessed the same punishment had they been correctly
instructed that the law holds the offense charged to deserve a range of punishment
alternatives including the option for a less severe minimum sentence. Therefore we
must conclude that appellant suffered egregious harm, for she was denied the
opportunity to receive a sentence less harsh than the minimum the jury was instructed
to impose.


Id. (emphasis in original; internal citations omitted). Likewise, the charge here failed to give the jury
the option of assessing the less severe minimum punishment of only a fine or only a term of
confinement, but not both. We conclude that the failure to correctly instruct the jury on the full
punishment range--including the minimum punishment options prescribed by statute--constitutes
egregious harm which deprived Quesada of a fair and impartial proceeding. Accordingly, Quesada's
issue on appeal is sustained, and the cause is remanded to the trial court for a new trial on
punishment. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2008). 


Conclusion 

 We affirm the judgment of conviction but reverse and remand for a new trial on punishment.


 Phylis J. Speedlin, Justice


PUBLISH
1. The relevant portion of the verdict form reads:


 (A) We, the jury, find the Defendant should be punished as follows:

 (1) a Fine in the amount of $ _______ and

 (2) confinement in jail for a term of ______ days in the county jail.