Opinion filed October 4,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00315-CR

                                                    __________

 

                            LEON
WILLIS WILKERSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 19th District Court

 

                                                        McLennan
County, Texas

 

                                                 Trial
Court Cause No. 2009-66-C1

 



 

                                                                  O
P I N I O N

 

            The jury
convicted Leon Willis Wilkerson, appellant, of the offense of robbery and, upon
appellant’s pleas of true to the enhancement allegations, assessed his
punishment at confinement for ninety-nine years.  We modify and affirm in part,
and we reverse and remand in part.  

            Appellant
presents five issues for review.  In the first issue, he contends that the
trial court abused its discretion by prohibiting his trial counsel from asking
questions at voir dire regarding comparative standards of proof.  In the second
issue, he asserts that, alternatively, his trial counsel was prevented from
rendering effective assistance of counsel based upon the voir dire restriction
addressed in appellant’s first issue.  In his third issue, appellant contends
that the trial court erred in refusing to charge the jury on the lesser
included offense of theft.  In the fourth issue, appellant complains of the
assessment of court-appointed attorney’s fees and court-appointed
investigator’s fees as court costs in the judgment.  In his final issue,
appellant contends that the trial court improperly instructed the jury on the
range of punishment.  

            Initially,
we note that the State has asserted in its brief that appellant has waived “all
error in the guilt/innocence phase of the trial” under the DeGarmo
doctrine.  See DeGarmo v. State, 691 S.W.2d 657 (Tex. Crim. App. 1985). 
We disagree.  In DeGarmo, the court stated that, when a defendant
testifies at the punishment stage of trial and admits his guilt, he “not only
waives a challenge to the sufficiency of the evidence, but he also waives any
error that might have occurred during the guilt stage of the trial.”  Id.
at 661.  The DeGarmo doctrine was reconsidered and largely disavowed by
the Court of Criminal Appeals in Leday v. State, 983 S.W.2d 713 (Tex.
Crim. App. 1998).  See Reyes v. State, 30 S.W.3d 409, 410–11 (Tex. Crim.
App. 2000); Peña-Mota v. State, 986 S.W.2d 341, 345 (Tex. App.—Waco
1999, no pet.).  We decline to hold that appellant has waived his issues on
appeal.  See Leday, 983 S.W.2d at 725; Reyes v. State, 994 S.W.2d
151, 152­–53 (Tex. Crim. App. 1999).  

Voir
Dire as to Burdens of Proof

            In his
first two issues, appellant complains that his rights to an impartial jury, to
effective assistance of counsel, and to due process were violated when the
trial court prohibited him from asking questions relating to a comparison of
various burdens of proof, including preponderance of the evidence, clear and
convincing evidence, beyond a reasonable doubt, reasonable suspicion, and
probable cause.  Appellant asserts that, because of the limitation placed on
his voir dire, he was prohibited from educating the prospective jurors on the
burden of proof and from intelligently exercising his peremptory challenges.  The
record shows that appellant had filed a motion specifically requesting that he
be allowed to ask questions relating to the prospective jurors’ understanding
of these types of proof.  Among the questions proposed by appellant was the
following: “Do you understand that there is a difference in the amount of proof
necessary to reach a verdict and have a decision made in a civil case
(preponderance of the evidence) and in a criminal case (beyond a reasonable
doubt)?”  He also proposed a similar question but substituted termination of
parental rights and clear and convincing evidence.  Additionally, appellant
sought to ask: “Do you understand that proof beyond a reasonable doubt is a
higher standard of proof than proof beyond clear and convincing proof?”  The
trial court denied appellant’s motion, ruled that appellant could not “go into
comparisons of the standards of proof,” but permitted appellant to ask the voir
dire panel about the “beyond a reasonable doubt” standard and what that
standard means. 

            The
Texas Court of Criminal Appeals has recently addressed this issue.  It determined
that voir dire questions regarding the differences between the criminal and
civil burdens of proof are relevant to a legitimate defensive challenge for
cause, and it held that the trial court abused its discretion by restricting
voir dire.  Fuller v. State, 363 S.W.3d 583 (Tex. Crim. App. 2012).  In Fuller,
the court set out the general law regarding the trial court’s discretion to
manage voir dire and the right of an accused to ask prospective jurors about
what they think reasonable doubt means.  Id. at 585–86.  A defendant is
entitled to question prospective jurors on any matter that will be an issue at
trial, including their understanding of “reasonable doubt.”  Dinkins v.
State, 894 S.W.2d 330, 344–45 (Tex. Crim. App. 1995).  The court in Fuller
stated: 

On the strength of
our holding in Paulson [v. State, 28 S.W.3d 570 (Tex. Crim. App.
2000)], believing that the appellant’s proposal to contrast reasonable doubt
with preponderance of the evidence and clear and convincing evidence would be
tantamount to defining it for the jury panel, the trial court in this case
disallowed it. 

            We think
this was a mistake.  As should be evident from the passage from Woolridge
[v. State, 827 S.W.2d 900 (Tex. Crim. App. 1992),] that we have quoted
above, inquiry into a prospective juror’s understanding of what proof beyond a
reasonable doubt means constitutes a proper question regardless of
whether the law specifically defines that term.  The jury’s ability to apply
the correct standard of proof remains an issue in every criminal case.  If
anything, the fact that current case law has come full circle and once again
provides jurors with no definition of reasonable doubt only heightens the
incentive for the parties to test the understanding of the veniremembers.  And
it strikes us as particularly apt to inquire whether a prospective juror
understands that proof beyond a reasonable doubt must at least
constitute a more onerous standard of proof than preponderance of the evidence
and clear and convincing evidence.  It is but the flip side of the inquiry that
prosecutors engage in routinely during voir dire, designed to test whether
prospective jurors will hold the State to the inappropriately onerous standard
of proof beyond all doubt.  While neither area of inquiry purports to
assign a precise meaning to the term “reasonable doubt”—leaving that for the
jurors themselves to supply, according to their own common-sense understanding
of the words—they do serve to set the lawful parameters of reasonable doubt and
thereby foster the selection of jurors who will not impose a standard of proof
upon the State that they know for sure to be either too lenient (preponderance
or even clear and convincing) or too burdensome (all doubt).  The trial
court erred to conclude that our opinion in Paulson inferentially
invalidated these proper areas of inquiry.  

            . . . .

. . .  It was appropriate
for the appellant to explain the contrast among the various standards of proof
in this case.  That explanation was a necessary lead-in to the question that
the appellant twice mentioned to the trial court that he would like to
ask the prospective jurors: “I would like to ask them if they understand that
proof beyond a reasonable doubt is the highest burden that we have anywhere in
our legal system.”  A juror who does not understand this concept may prove
unable to abide by it, and a juror who cannot abide by it cannot follow the law
and would thus be challengeable for cause under Article 35.16(c)2.  [Tex. Code Crim. Proc. Ann. art.
35.16(c)2 (West 2006).]  

363 S.W.3d at
586–89 (footnotes omitted). 

            Following
Fuller, we hold that the trial court abused its discretion by
restricting appellant’s voir dire in this case.  Because we have found error,
we must conduct a harm analysis.  Id. at 589.  The trial court’s refusal
to allow appellant to ask questions regarding the burden of proof by way of
comparison to other burdens of proof constitutes nonconstitutional error that
is subject to a harm analysis under Tex.
R. App. P. 44.2(b).  Jones v. State, 982 S.W.2d 386, 391–92 (Tex.
Crim. App. 1998); Easley v. State, No. 10-12-00018-CR, 2012 WL 4040798
(Tex. App.—Waco Sept. 13, 2012, no pet. h.) (mem. op., not designated for
publication); see Rich v. State, 160 S.W.3d 575, 577 (Tex. Crim. App.
2005).  Rule 44.2(b) provides that any “error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded.”  A
substantial right is affected when the error has a substantial and injurious
effect or influence in determining the jury’s verdict.  Rich, 160 S.W.3d
at 577.  In conducting the required harm analysis, we consider everything in
the record, including any testimony or physical evidence admitted for the jury’s
consideration, the nature of the evidence supporting the verdict, the character
of the alleged error and how it might be considered in connection with other
evidence in the case, the jury instructions, the State’s theory and any
defensive theories, closing arguments, voir dire, and whether the State
emphasized the error.  Id.

During
voir dire, the trial court informed the panel that appellant was presumed
innocent, that the burden to present evidence rested solely on the State, that
the State had the burden to prove guilt beyond a reasonable doubt, and that
there is no legal definition of “beyond a reasonable doubt.”  The court
explained that “proof beyond a reasonable doubt is not determined by the number
of witnesses called or the amount of exhibits that are introduced.”  The court
continued, “You simply determine in your own mind where you draw that line of
when that standard has been met or if it has not been met.  Unless it is met,
the State is not entitled to a conviction and the defendant is entitled to be
found not guilty.”  The record shows that both the State and appellant questioned
the veniremembers about their understanding of “beyond a reasonable doubt.” 
The prosecutor explained that the standard “in criminal cases is proof beyond a
reasonable doubt” and asked, “What does that mean to you, beyond a reasonable
doubt?”  The prosecutor informed the panel that there is no definition for
“beyond a reasonable doubt,” that the legislature has not provided a
definition, that the court will not give a definition, and that each juror is
free to decide what proof beyond a reasonable doubt means.  Appellant asked follow-up
questions to some of the veniremembers.

Nothing
in the record indicates that the jurors were unable to comprehend what is meant
by “beyond a reasonable doubt.”  In the charge of the court, the trial court
instructed the jury that “no person may be convicted of an offense unless each
element of the offense is proven beyond a reasonable doubt.”  In his closing
argument, the prosecutor addressed the issue of “beyond a reasonable doubt” by
again stating that the term has not been defined and that, as discussed in voir
dire, “it does not mean . . . proof beyond all doubt or 100 percent certainty
of anything.”  Appellant’s counsel did not address the meaning of “beyond a
reasonable doubt” in his closing argument.  Appellant’s defensive theory at
trial was that this was a theft, not a robbery, because appellant did not
intentionally, knowingly, or recklessly cause bodily injury; he “push[ed] that
man down” “to get the guy off of him.”  However, the evidence presented at
trial in this case was overwhelming.  Not only did eyewitnesses testify
regarding the offense, but the store’s surveillance video showing the offense
was also admitted into evidence.  

After
considering everything in the record, including the evidence admitted for the
jury’s consideration, the nature of the evidence supporting the verdict, the
character of the error, the jury instructions, the State’s theory, appellant’s
defensive theory, closing arguments, voir dire, and whether the State
emphasized the error, we hold that the error in prohibiting appellant to
compare the various burdens of proof did not have a substantial and injurious
effect or influence on the jury’s verdict in this case.  Thus, the error must
be disregarded pursuant to Rule 44.2(b).  Appellant’s first issue is
overruled.  

Furthermore,
although the trial court erred in restricting voir dire, that error did not
prevent appellant’s trial counsel from rendering effective assistance.  The
record shows that trial counsel conducted voir dire and preserved the error in
the trial court’s restriction of his voir dire for appellate review.  Contrary
to appellant’s assertion, his trial counsel was not prevented from assisting
him during a critical stage of trial or from determining whether prospective
jurors could understand the applicable burden of proof.  Appellant has not
shown that trial counsel rendered ineffective assistance.  The second issue is
overruled.  

Jury
Charge on Lesser Included Offense

In
his third issue, appellant contends that the trial court erred in refusing to
charge the jury on the lesser included offense of theft.  Appellant does not
dispute that he committed the offense of theft, but he does dispute that he
committed the offense of robbery.  The evidence presented in this case shows
that appellant went into a store, secreted a carton of cigarettes, and left the
store with the cigarettes but without paying for them.  Before leaving the
store, appellant was confronted by a cashier and a physically handicapped
customer.  The cashier asked appellant if he was “going to pay for what he put
in his pants.”  An altercation ensued between appellant and the customer, Kevin
Ussery, who was standing in front of the door.  Appellant reached out and
pushed Ussery.  Appellant knocked Ussery into some shelves.  Ussery then fell
to the floor, hitting the cashier counter on the way down.  In support of his
request to the trial court for a jury charge on the lesser included offense of
theft, appellant stated there was a question as to whether Ussery sustained a
bodily injury, an element of robbery.

A
two-pronged test is used to determine whether a lesser included offense must be
included in the jury charge when requested.  A charge on a lesser included offense is required if (1) the elements of the lesser offense are established by
proof of the same or less than all the facts required to establish the offense
charged and (2) there is some evidence that would permit a rational jury to
find that, if the accused is guilty, he is guilty of only the lesser offense.  Hall
v. State, 225 S.W.3d 524, 526, 535 (Tex. Crim. App. 2007) (adopting “cognate-pleadings”
approach); Rousseau v. State, 855 S.W.2d 666, 672–73 (Tex. Crim. App.
1993); Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); see
Tex. Code Crim. Proc. Ann. art.
37.09 (West 2006).  With respect to the first prong, an offense is a lesser included
offense of another offense under Article
37.09(1) if the indictment for the greater-inclusive offense either (1) alleges
all of the elements of the lesser included offense or (2) alleges elements plus
facts from which all of the elements of the lesser included offense may be
deduced.  Ex parte Watson, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009); Hall,
225 S.W.3d 524.  The resolution of the first prong is a question of law to be
determined by looking at the elements and facts alleged in the charging
instrument, not the evidence presented at trial.  Hall, 225 S.W.3d at
535.  With respect to the second prong, if evidence from any source raises the
issue that a lesser included offense may have been committed and the issue is
properly requested, the charge must be given.  Moore v. State, 574
S.W.2d 122, 124 (Tex. Crim. App. 1978).  A defendant is entitled to an
instruction on every issue raised by the evidence, whether produced by the
State or the defendant, regardless of whether it is strong, weak, unimpeached,
or contradicted.  Thompson v. State, 521 S.W.2d 621, 624 (Tex. Crim.
App. 1974).  

Appellant
was charged by indictment with the offense of robbery as follows: appellant
“did then and there, while in the course of committing theft of property, and
with intent to obtain and maintain control of said property, intentionally,
knowingly, or recklessly cause bodily injury to KEVIN USSERY by pushing
him to the floor.”  Theft is defined as the unlawful appropriation of property
with intent to deprive the owner.  Tex.
Penal Code Ann. § 31.03(a) (West Supp. 2012).[1] 
The offense of “theft” was specifically referenced in the indictment as an
element of the offense of robbery as charged in this case.  Thus, we hold that the
first prong of the test was met.  See Bignall v. State, 887 S.W.2d 21,
23 (Tex. Crim. App. 1994); Earls v. State, 707 S.W.2d 82, 83–85 (Tex.
Crim. App. 1986); Royster, 622 S.W.2d at 447.  

For
the second prong, we must determine whether there was some evidence from which
the jury could have determined that, if appellant was guilty, he was guilty
only of the lesser offense of theft.  Appellant asserts that there was
conflicting evidence as to whether Ussery suffered bodily injury when appellant
pushed him.  “Bodily injury” is defined as “physical pain, illness, or any
impairment of physical condition.”  Tex.
Penal Code Ann. § 1.07(a)(8) (West Supp. 2012).  

The
evidence at trial included testimony from the cashier and Ussery and
surveillance video from the store.  The cashier testified at trial that
appellant pushed Ussery “very hard,” that the cashier counter “actually moved”
when Ussery hit it, and that “it takes a bit of force to move that counter.”  Ussery
got up and ran outside to get the license plate number from the vehicle in
which appellant left.  Ussery said he was okay, and no ambulance was summoned.

Ussery
testified at trial regarding the events that occurred at the store.  He saw
appellant put “something that looked like cigarettes” under his shirt, and he
heard one of the cashiers ask appellant if he was going to pay for them.  Ussery
told the other cashier to call the police.  Ussery stepped in front of the door
in an attempt to block the doorway and keep appellant in the store until police
arrived.  Ussery was standing in front of the door with his arms crossed in
front of him when appellant walked up to him and said, “Are you going to stop
me?”  A physical altercation ensued, with appellant being the aggressor. 
Appellant pulled Ussery forward and then swung him over to his “bad side,” and
Ussery went crashing down.  Ussery stated that “[i]t hurt a little bit” when he
was pushed into the display and the counter and that “it did” cause him pain. 
Ussery testified that, the next day, his arm and knee were sore and his ribs
were also bothering him as a result of the altercation with appellant.  Ussery
agreed that, at the store, when asked if he was okay, he said he was “fine.” 
Ussery explained, “I mean, I was a little bruised and stuff, but I didn’t --
there wasn’t, I mean, permanent damage.”

There
is no evidence that would permit a rational jury to find that, if appellant was
guilty, he was guilty of only the lesser offense of theft.  Nothing in the record
indicates that no physical altercation occurred between appellant and Ussery;
the surveillance video depicts the event.  Furthermore, the only evidence
regarding Ussery’s resulting bodily injury or lack thereof was that Ussery
experienced pain even though he said he was fine.  The trial court did not err
in failing to instruct the jury on the lesser included offense of theft.  See
Arzaga v. State, 86 S.W.3d 767, 779–80 (Tex. App.—El Paso 2002, no pet.). 
Appellant’s third issue is overruled.  

Assessment
of Fees

In
his fourth issue, appellant argues that the trial court erred in assessing
court-appointed attorney’s fees and court-appointed investigator’s fees as
court costs because appellant was indigent and because the evidence was
insufficient to show that appellant had the financial resources to reimburse
the county.  Appellant cites Mayer v. State, 309 S.W.3d 552 (Tex. Crim.
App. 2010), and Articles 26.04 and 26.05 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. arts. 26.04,
26.05 (West Supp. 2012).  The State concedes that the evidence is insufficient
to support the assessment of attorney’s fees and investigator’s fees as court
costs against appellant.  Both appellant and the State assert that the proper
remedy is to reform the judgment to delete these costs; we agree.  See Mayer,
309 S.W.3d at 555.  Accordingly, we sustain appellant’s fourth issue and modify
the judgment of the trial court to delete these fees.  




 

Improper
Range of Punishment

In
his fifth issue, appellant contends that the trial court improperly instructed
the jury that the range of punishment was confinement for twenty-five to
ninety-nine years instead of five to ninety-nine years.[2] 
One of the two convictions used in this case to enhance appellant’s punishment
to that of a habitual offender was a 2006 conviction for possession of a
controlled substance, which was a state jail felony.  The State concedes that
this state jail felony should not have been used to enhance appellant’s
punishment.  Tex. Penal Code Ann. §
12.42 (West Supp. 2012).  The State argues that appellant waived the error in
this case because he did not object to the indictment.  However, it is not the
indictment that is problematic in this case.  Appellant was charged by
indictment as a habitual offender, with the indictment alleging two prior
“felony” convictions.  The State also asserts that the error is harmless
because the punishment assessed was within the proper range of punishment and because
appellant had other felony convictions that could have been used to enhance his
punishment to that of a habitual offender under Section 12.42(d).  

Appellant
pleaded true to both enhancement allegations.  The trial court instructed the
jury accordingly and authorized the jury to assess punishment at confinement
for life or for a term of not less than twenty-five years or more than
ninety-nine years.  Appellant did not object to the jury charge or otherwise
inform the court that one of the convictions alleged for enhancement purposes
could not be used for that purpose.  On appeal, however, the record affirmatively
reflects that one of the convictions alleged for enhancement purposes was a
state jail felony under Tex. Penal Code
Ann. § 12.35(a) (West Supp. 2012).  A conviction for a state jail felony
under Section 12.35(a) “may not be used for enhancement purposes” under Section 12.42(d). 
Former Tex. Penal Code § 12.42(e)
(1995).[3] 
Thus, it was improper to enhance appellant’s punishment in this case with his
state jail felony conviction.  Pursuant to Ex parte Rich, 194 S.W.3d
508, 513–14 (Tex. Crim. App. 2006), appellant did not waive his contention on
appeal by pleading true at trial because the record affirmatively reflects that
one of the enhancements was improper.  Only one other felony conviction was
alleged as an enhancement.  With only one enhancement, the minimum range of
punishment for a person convicted of robbery, which is a second-degree felony,
is five years.  Tex. Penal Code Ann. §
12.32 (West 2011), § 12.42(b) (West Supp. 2012).  The jury in this case was
instructed that the minimum punishment was twenty-five years.  

Because
appellant did not object to the charge error, we must determine whether the
error was so egregious as to deprive appellant of a fair and impartial trial.  Cartwright
v. State, 833 S.W.2d 134, 136 (Tex. Crim. App. 1992); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985); Evans v. State, 945 S.W.2d
153, 156 (Tex. App.—El Paso 1997, no pet.).  We are constrained to hold that
the error resulted in egregious harm even though the jury assessed appellant’s
punishment at the maximum number of years available and even though that
punishment was not illegal.  See Jordan v. State, 256 S.W.3d 286, 293
(Tex. Crim. App. 2008); Evans, 945 S.W.2d 153.  In Jordan, the
defendant was convicted for possessing a large amount of cocaine with intent to
deliver and was ultimately sentenced as a habitual offender to confinement for
ninety-nine years.  256 S.W.3d at 288–89.  The State failed to prove the proper
sequence of the offenses alleged as enhancements under Section 12.42(d), but it
argued that any error was harmless.  Id. at 289.  The offense without
enhancements carried a minimum term of confinement of fifteen years and a
maximum of ninety-nine years or life.  See Tex. Health & Safety Code Ann. § 481.112(f) (West 2010). 
An eight-justice majority of the Court of Criminal Appeals agreed that a harm
analysis should not be undertaken when the evidence is insufficient to prove
the enhancement allegations.  Jordan, 256 S.W.3d at 291.  The majority
then “conclude[d] that, even if the State’s failure to prove the chronological
sequence of punishment enhancement allegations as required under Section
12.42(d) is subject to a harm analysis, such a deficiency will never be considered
harmless.”  Id. at 292 (emphasis added).  In Evans, even
though the jury had sentenced the defendant to confinement for the maximum
number of years available, the court of appeals remanded for a new punishment
hearing because the jury had not been instructed that it could assess a lesser,
alternative punishment in a variety of facilities.  945 S.W.2d at 157.  Appellant’s
fifth issue is sustained.  

The
judgment of the trial court is affirmed in part, reversed in part, and modified
in part.  We affirm appellant’s conviction; we modify the judgment to delete
the assessment of court-appointed attorney’s fees ($3,176.25) and
court-appointed investigator’s fees ($834.71), which were included as court
costs; we reverse only as to punishment; and we remand the cause for a new hearing
on punishment pursuant to Tex. Code
Crim. Proc. Ann. art. 44.29(b) (West Supp. 2012).  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

October 4, 2012

Publish.  See
Tex. R. App. P. 47.2(b). 

Panel[4]
consists of: Wright, C.J.,

McCall, J., and Hill.[5]









[1]Section 29.02 of the Penal Code sets out the elements
of the offense of robbery and specifically provides that a robbery occurs “in
the course of committing theft as defined in Chapter 31.”  Tex. Penal Code Ann. § 29.02 (West
2011). 





[2]We note that appellant, who pleaded true to the
enhancement allegations, does not assert on appeal that the evidence is
insufficient to prove the enhancement allegations.  Cf. Jordan v. State,
256 S.W.3d 286 (Tex. Crim. App. 2008). 

 





[3]We note that former Section 12.42(e) was repealed in
2011 but remains in effect for purposes of this case.  The substance of former
Section 12.42(e) is currently found in the second sentence of Section 12.42(d).


 





                [4]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[5]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.