

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# OPINION

No. 04-07-00615-CR

Antonio Marcelo **QUESADA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Bandera County, Texas
Trial Court No. 06-00716
Honorable Richard A. Evans, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 18, 2009

REVERSED AND REMANDED

Antonio Marcelo Quesada appeals his conviction and sentence for possession of marijuana, arguing that the trial court erred in submitting the jury charge on punishment.  We reverse and remand for a new trial on punishment.

## BACKGROUND

A jury found Quesada guilty of misdemeanor possession of marijuana, four ounces or less but more than two ounces.  TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(2) (Vernon 2003).

Such an offense is a Class A misdemeanor punishable by: "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement." TEX. PENAL CODE ANN. § 12.21 (Vernon 2003). The punishment charge read, in pertinent part, as follows:

A person convicted of this offense is punishable by:

(1) a Fine of not more than $4,000.00; and

(2) confinement in jail for a term of not less than 72 hours to one (1) year. . . .

The verdict form similarly required the jury to assess both a fine and a term of confinement.[1] The jury recommended that punishment be assessed at a fine of $1,800 and a year of confinement in the county jail, to be suspended and probated for 24 months. The trial court sentenced Quesada in accordance with the jury's recommendation. On appeal, Quesada argues that the jury charge stated an incorrect range of punishment that imposed a minimum sentence where none was required by statute, and further required the jury to both fine **and** incarcerate Quesada, without the option of assessing one or the other.

## DISCUSSION

A Class A misdemeanor is punishable by either a fine or confinement, or both, yet the punishment charge at issue unequivocally instructed the jury to assess both a fine and a term of confinement. *See* TEX. PENAL CODE ANN. § 12.21. Accordingly, the trial court erred in submitting a charge that instructed the jury to assess both a fine and a term of confinement when the Penal Code

---

[1] The relevant portion of the verdict form reads:

(A) We, the jury, find the Defendant should be punished as follows:
    (1) a Fine in the amount of $ _____ and
    (2) confinement in jail for a term of _____ days in the county jail.

clearly provides that the offense may be punishable by one or the other. *See id.* Further, the trial court erred in instructing the jury that the term of confinement must be at least 72 hours. Because Quesada did not object to the charge errors, we must determine whether the errors require reversal under the traditional *Almanza* harm analysis, which requires Quesada to show that the error was so egregious as to deprive him of a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Egregious harm is present whenever a reviewing court finds that the case for conviction or punishment "was actually made clearly and significantly more persuasive by the error." *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). We review the entire charge, the evidence, argument of counsel, and any other relevant information revealed by the record of the trial as a whole to determine the degree of harm. *Alamanza,* 686 S.W.2d at 171.

During closing argument on punishment, the State compounded the charge error by arguing to the jury that "punishment is essentially a fine and jail time." The State recommended that the jury assess Quesada a year of jail, probated for 24 months, and a $4,000 fine. The charge likewise instructed the jury to assess both a fine and a term of confinement of at least 72 hours. The State now argues that Quesada has not been harmed because the jury assessed a "reasonable" punishment within the lawful range. We recognize that egregious error generally does not occur when, despite an erroneous instruction on the punishment range, the jury imposes a punishment within the lawful range. *See, e.g., Cartwright v. State*, 833 S.W.2d 134, 136-37 (Tex. Crim. App. 1992) (holding that although the trial court erred in permitting the jury to assess a fine greater than that allowed by statute, appellant did not suffer egregious harm because the jury assessed a fine within the range actually permitted by law). The instant case, however, differs in one distinct regard in that the punishment charge failed to give the jury two options required by statute—to assess only a fine, or

only confinement up to one year; thus, the jury was precluded from considering the full range of punishment options available to Quesada. *See Evans v. State*, 945 S.W.2d 153, 157 (Tex. App.—El Paso 1997, no pet.) (holding that trial court's failure to instruct the jury that it had the option of confining the defendant in a community corrections facility constituted egregious harm, even though the punishment assessed fell within the range permitted by statute).

Similarly, in *Coody v. State*, the Fourteenth Court of Appeals determined that the appellant suffered egregious harm when the trial court failed to include a less severe penalty alternative in the punishment charge. *Coody v. State*, 812 S.W.2d 631, 634-35 (Tex. App.—Houston [14th Dist.] 1991), *rev'd on other grounds*, 818 S.W.2d 68 (Tex. Crim. App. 1991). The court stated:

> We cannot assume appellant was not harmed if the jury was instructed to assess more than the minimum term available under the law, and they assessed more than the minimum but a term within the correct range. Although punishment assessed fell within the lawful range *instructed*, it is not for this court to determine upon review that the jury *might* have assessed the same punishment had they been *correctly instructed* that the law holds the offense charged to deserve a range of punishment alternatives including the option for a *less severe minimum sentence*. Therefore we must conclude that appellant suffered egregious harm, for she was denied the opportunity to receive a sentence less harsh than the minimum the jury was instructed to impose.

*Id.* (emphasis in original; internal citations omitted). Likewise, the charge here failed to give the jury the option of assessing the less severe minimum punishment of only a fine **or** only a term of confinement, but not both. We conclude that the failure to correctly instruct the jury on the full punishment range—including the minimum punishment options prescribed by statute—constitutes egregious harm which deprived Quesada of a fair and impartial proceeding. Accordingly, Quesada's issue on appeal is sustained, and the cause is remanded to the trial court for a new trial on punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2008).

### CONCLUSION

We affirm the judgment of conviction but reverse and remand for a new trial on punishment.

Phylis J. Speedlin, Justice

PUBLISH