# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00098-CR

---

**Anthony Macias, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
NO. 18-107, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Anthony Macias of the second-degree felony offense of aggravated assault with a deadly weapon and assessed his punishment, enhanced under the habitual-offender provision of the Texas Penal Code, at forty years' imprisonment. *See* Tex. Penal Code §§ 12.42(d), 22.02(a)(2), (b). In three issues, Macias challenges his sentence, contending that he did not enter a plea to the two enhancement paragraphs in his indictment before sentencing and that the district court erred by submitting an incorrect punishment instruction with the option of imposing a fine and by instructing the jury to find both enhancement paragraphs true. We will affirm the district court's judgment of conviction.

## BACKGROUND

Macias's assault indictment alleged that he caused bodily injury to Edgardo Escamilla by cutting him on his neck and hands with a knife. The indictment contained two

enhancement paragraphs alleging that Macias had prior convictions for assault on a public servant and for burglary of a habitation. *See id.* §§ 12.42(d), 22.01(b)(1), 30.02(a). The indictment was read to the jury, and Macias pled not guilty in open court. After hearing testimony from two police officers who responded to the scene of the assault, an eyewitness, and Escamilla, the jury found Macias guilty as charged in the indictment.

Before beginning the punishment phase of trial, Macias executed a "Defendant's Stipulation," stating:

> Comes now the defendant, Anthony Macias, and makes the following stipulations in this cause:
>
> I, Anthony Macias, am the same person who committed the [the] each of the following offenses:
>
> On or about December 13, 2013, the defendant, in Gonzales County, Texas, was convicted of Assault on a Public Servant in Cause Number 10-11-A in the 25th Judicial District Court of Gonzales County, Texas.
>
> On or about November 9, 2000, the defendant, in Gonzales County, Texas, was convicted of Burglary of a Habitation in Cause Number 13797 in the 25th Judicial District Court of Gonzales County, Texas.

Macias, his attorney, and a prosecutor signed the stipulation. While the jury was recessed and before addressing the stipulation, the district court stated that the charge on punishment had been prepared and asked if there were any objections or requested changes to it. Macias's attorney stated, "No, sir." The district court then noted that Macias had "executed a stipulation as to the priors" and that it would be read to the jury. The prosecutor announced that the stipulation would be the State's only evidence during punishment, and Macias's attorney announced that there would be no evidence from the defense. The court responded, "All right. And then so we'll bring them in, stipulate and charge them, and then just give argument."

2

After the jury returned, the prosecutor offered the exhibits and testimony from guilt-innocence and the stipulation into evidence. The court admitted the guilt-innocence evidence and asked Macias's attorney if there was any objection to the stipulation. Macias's attorney stated, "No objection." The entire stipulation was read to the jury—noting that Macias, his attorney, and a prosecutor had signed it—and the State rested. Macias also rested, and both parties closed.

Next the district court read the charge on punishment to the jury, including the allegations from the enhancement paragraphs. Reading from the charge, the district court stated that Macias had pled "true" to the enhancement paragraphs and that the jury was instructed to find the enhancement paragraphs true beyond a reasonable doubt and to assess punishment at confinement in the Texas Department of Criminal Justice "for any term of not less than 25 years or not more than 99 years or for life. In addition, you may assess a fine not to exceed ten thousand dollars."

During closing argument, Macias's attorney acknowledged Macias's stipulation and the minimum twenty-five-year punishment:

> As you heard, Anthony's got two prior convictions. He's been to the penitentiary before on[c]e in 2000 and on[c]e in 2013. He went ahead and stipulated to those and admitted that they're true. So you just have to find that they're true. And as a result of those two prior convictions[,] that's why the minimum is 25. In Texas, we don't really call it a three strikes law. But in Texas once you have two priors and you have another of a certain grade of felony, then it raises—it's call[ed] habitual punishment. And it raises the minimum to 25. So that's why—that's where we are.
>
> What I would ask you to take into account is that the State took care of those priors for you. That's why we're starting at 25. And I'd just ask you not to try to hammer him because of those priors. He's already done that time. And base it on just what you saw in the trial here. A fine is in my opinion completely

3

unnecessary because he's going to be doing at least 25 years in prison. So we're asking for 25. Thank you.

Similarly, the prosecutor noted during closing, "[Y]ou have heard about his two prior trips to the penitentiary. The judge has told you that based on all of these factors that he is facing a minimum of 25 years all the way up to 99 and/or life in prison."

During deliberations, the jury sent a note to the district court asking, "Is the fine applied as restitution for the victim? How is the fine applied?" With approval of all counsel, the district court sent the jury a written response stating, "You have received all of the evidence and instructions that you are to receive. Please continue your deliberations."

The jury returned a verdict assessing Macias's punishment at forty years' imprisonment and no fine. The district court rendered judgment on the jury's verdict. Docket entries in the record include a notation that at punishment, Macias "stipulated to 2 prior felony convictions." Additionally, the district court's judgment of conviction shows that as to the first and second enhancement paragraphs, Macias "pleaded true."

Macias filed a motion for new trial that challenged the judgment in two sentences: "[t]he verdict was contrary to the law and evidence" and "[t]he trial court erred in overruling the defendant's motion for a directed verdict."[1] He did not complain that he had not pled true to the enhancement paragraphs. The district court denied the motion for new trial. This appeal followed.

---

[1] No motion for directed verdict appears in the record.

4

**DISCUSSION**

**Failure to enter plea to enhancement paragraphs**

For the first time on appeal, Macias contends that he did not enter a plea to the enhancement paragraphs before sentencing and that "the entire proceedings on punishment were a nullity." In criminal trials, a prosecuting attorney must read the indictment or information to the jury, and the defendant's plea must be stated. Tex. Code Crim. Proc. art. 36.01(a)(1), (2). If prior convictions are alleged only for purposes of enhancing punishment, the part of the indictment or information reciting those convictions must not be read to the jury until the punishment phase. *Id.* art. 36.01(a)(1). The reading of enhancement paragraphs during the punishment phase and the entry of a plea to them are mandatory. *Turner v. State*, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995).

However, Macias failed to raise his alleged error with the district court and thus failed to preserve any such error for our review. *See Mendez v. State*, 212 S.W.3d 382, 388 (Tex. App.—Austin 2006, pet. ref'd) (holding that defendant's objection at any point during punishment phase is sufficient to preserve error when defendant has not entered plea to enhancement allegations); *see also* Tex. R. App. P. 33.1(a); *Burley v. State*, Nos. 14-09-00868-CR, 14-09-00869-CR, 2010 Tex. App. LEXIS 9933, at *6-7 (Tex. App.—Houston [14th Dist.] Dec. 16, 2010, no pet.) (mem. op., not designated for publication) (concluding that defendant failed to preserve complaint about his failure to plead "true" or "not true" to enhancement paragraphs in indictment); *Pope v. State*, No. 05-02-01745-CR, 2004 Tex. App. LEXIS 4783, at *16 (Tex. App.—Dallas May 27, 2004, pet. ref'd) (op. on reh'g, not designated for publication) (concluding that defendant failed to preserve complaint by objection during trial or in motion for new trial about his failure to enter plea to enhancement paragraph).

Even if Macias had preserved his complaint, he stipulated to both enhancement paragraphs in the indictment as "true." The Texas Court of Criminal Appeals has recognized that a defendant in a criminal case may stipulate to evidence against him, and if he does so, his stipulation is a kind of judicial admission that requires "no evidence from the party benefitting by the admission." *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) (quoting 9 John H. Wigmore, Wigmore on Evidence § 2591 (3d ed. 1940)). The Court stated that:

> [a]n express waiver, made in court or prepatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it. This is what is commonly termed a solemn—i.e., ceremonial or formal—or judicial admission, or stipulation. It is, in truth, a substitute for evidence, in that it does away with the need for evidence.

*Id.* (quoting 9 Wigmore on Evidence § 2588). Thus, the Court concluded that by stipulating to prior convictions, a defendant makes a judicial admission removing the need for proof of those convictions. *Id.* Here, Macias's stipulation to the truth of his two prior convictions constituted a judicial admission requiring no proof of those convictions. *See id.*; *see also Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007) (noting that although certified copy of final judgment and sentence may be preferred means of proving existence of prior conviction and defendant's link to that conviction, both may be proven different ways, including by defendant's admission or stipulation). Accordingly, we overrule Macias's first issue.

**Punishment instruction with option of imposing fine**

In his second issue, Macias contends that he was egregiously harmed by the district court's submission of an incorrect punishment instruction with the option of imposing a

fine, which is not available under the habitual-offender statute. *See* Tex. Penal Code § 12.42(d). He points out that the jury sent a note asking whether the fine would be applied as restitution to the victim, and he contends that "[b]y opting for a fine of zero dollars after receiving the trial court's response to the note, the jury clearly opted for a higher sentence than its inclinations would have directed if the unlawful fine option had never been erroneously submitted." The State acknowledges that the habitual-offender statute does not allow a fine but contends that such error was not egregiously harmful to Macias. We agree.

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we evaluate whether any harm resulting from such error requires reversal. *See Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017); *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). As the State acknowledges, subsection 12.42(d) of the Penal Code does not allow for the imposition of a fine. *See* Tex. Penal Code § 12.42(d) (setting punishment range at imprisonment for twenty-five to ninety-nine years or life); *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd) (modifying judgment of conviction to delete $10,000 fine that was not authorized under subsection 12.42(d) and affirming judgment of conviction as modified). Inclusion of the fine as an option in the court's charge on punishment was error.

Having found error in the jury charge, we must consider whether Macias was egregiously harmed by such error. Macias acknowledges that he failed to object to any error in the jury charge at trial. When a defendant fails to object to the district court's charge, any charge error will not result in reversal of the conviction without a showing of egregious harm that deprived the defendant of a fair and impartial trial. *Chambers v. State*, 580 S.W.3d 149, 154 (Tex. Crim. App. 2019). Such harm must be actual and not merely theoretical. *Id.* Charge error

7

is considered egregiously harmful when it "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Arteaga*, 521 S.W.3d at 338. "Egregious harm is a 'high and difficult standard' to meet, and such a determination 'must be borne out by the trial record.'" *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (quoting *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). "In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the closing arguments of the parties, and any other relevant information in the record." *Arteaga*, 521 S.W.3d at 338.

Here, the fine was improperly included as an option in the charge but resulted in no actual, rather than theoretical, harm because the jury awarded nothing in the blank allowing for the assessment of that fine. The jury was not precluded from considering the proper range of punishment under subsection 12.42(d) and did not exceed the statutory punishment range by its verdict. *See* Tex. Penal Code § 12.42(d). Macias contends the jury could have considered evidence of Escamilla's "financial shortcomings" by increasing the term of Macias's sentence. This contention is pure speculation, which would constitute, at most, theoretical harm. Nothing in the record shows that the jury would have decreased the imprisonment term, if it had also assessed a fine. Further, if the jury had actually been persuaded that Escamilla required financial compensation, the district court's response to the note—which did not disallow the fine and said nothing about how any fine would apply—would not have dissuaded the jury from entering any amount up to $10,000. There was no argument about the fine at closing, aside from Macias's attorney's request that no fine be awarded, which the jury apparently heeded.

After considering all the above factors, we conclude that Macias has not shown that the erroneous instruction about a fine that was ultimately not awarded by the jury constituted

8

error that affected the very basis of the case, deprived him of a valuable right, or vitally affected a defensive theory. *See Arteaga*, 521 S.W.3d at 338. Further, Macias has not shown that the charge error, which resulted in the imposition of a fine of zero, caused him "actual rather than theoretical harm." *See Chambers*, 580 S.W.3d at 154; *Cartwright v. State*, 833 S.W.2d 134, 136-37 (Tex. Crim. App. 1992) (concluding that defendant was not egregiously harmed by charge that allowed jury to consider imposing fine greater than amount allowed by law when jury ultimately imposed amount that was within lawful range); *Dolph*, 440 S.W.3d at 908 (deleting $10,000 fine awarded under subsection 12.42(d) from judgment of conviction); *cf. Quesada v. State*, 398 S.W.3d 731, 733-34 (Tex. App.—San Antonio 2009, no pet.) (holding that defendant was egregiously harmed by instruction that failed to offer jury two options required by statute—to assess only a fine, or only confinement up to one year; and thus, that jury was precluded from considering full range of punishment options available to defendant). In the absence of a showing that the error in this charge caused him egregious harm, we overrule Macias's second issue.

**Instruction to find enhancement paragraphs true**

In his third issue, Macias contends that he was egregiously harmed by the district court's instruction to the jury to find the enhancement paragraphs true. He complains that he was deprived of the right to hold the State to its burden of proof beyond a reasonable doubt and that he was egregiously harmed because no evidence was introduced during punishment except for the stipulation.

However, the Court of Criminal Appeals has rejected just such a premise, noting:

> The issue is not whether the State proved its case, but whether [the defendant] may argue that the State failed to prove its case on an element to which he stipulated. He may not. By stipulating, [the defendant] "waived any right to contest the absence of proof on the stipulated elements."

*Bryant*, 187 S.W.3d at 401 & n.11 (quoting *United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir.), *cert. denied*, 531 U.S. 911 (2000)); *see Skillern v. State*, 890 S.W.2d 849, 882 (Tex. App.—Austin 1994, pet. ref'd) ("In view of appellant's plea of "true," the State was not required to offer the judgment of the prior conviction into evidence, although it was free to offer some or all of its evidence concerning the enhancement allegations."), *abrogated on other grounds by Ex parte Pue*, 552 S.W.3d 226, 231-32 (Tex. Crim. App. 2018). For the reasons set forth in our discussion of Macias's first issue about the effect of his stipulation to the enhancement allegations, we conclude that Macias judicially admitted the truth of both enhancement paragraphs and thus, that the district court did not err by instructing the jury to find them true. *See Flowers*, 220 S.W.3d at 921-22 (noting that defendant's prior conviction may be proved by defendant's admission or stipulation); *Bryant*, 187 S.W.3d at 400 (concluding that defendant's stipulation to prior convictions constituted judicial admission that removed need for proof of those convictions).

We overrule Macias's third issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   April 29, 2020

Do Not Publish